Yu Huan JIANG, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,* United States Attorney General, Respondent.

No. 04–3950–AG.

United States Court of Appeals, Second Circuit.

Nov. 29, 2006.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft in this case.

Bruno Joseph Bembi, Esq., Hempstead, NY, for Petitioner.

Stephen P. Sinnott, United States Attorney for the Western District of Wisconsin (Daniel J. Graber, Assistant United States Attorney, on the brief), Madison, WI, for Respondent.

Present: RALPH K. WINTER, PETER W. HALL, Circuit Judges, and JOHN GLEESON, District Judge.**

## SUMMARY ORDER

Yu Huan Jiang, a native and citizen of the Fujian Province of China, petitions this Court for review of a decision of the BIA. The BIA affirmed the decision of immigration judge ("IJ") Helen J. Sichel denying Jiang's application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief on the basis of the IJ's adverse credibility finding and her finding that Jiang had failed to establish her identity, past persecution, or a well-founded fear of future persecution. *In re Yu Huan Jiang*, No. A77 559 083 (B.I.A. June 29, 2004), *aff'g* No. A77 559 083 (Immig. Ct. N.Y. City Mar. 25, 2003). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8

---

** The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). An adverse credibility finding must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted).

■■■ The IJ provided specific, cogent reasons for her adverse credibility finding based on inconsistencies in Jiang's testimony, her inability to explain important details, and her failure to present corroborating evidence. Jiang testified inconsistently regarding, inter alia, her possession of a passport, failure to present a national identification card, and how she had learned that she would be forced to undergo an abortion after becoming pregnant with her second child. Jiang failed to establish past persecution because she failed to prove she had been coercively aborted or sterilized, and her claim was uncorroborated by a letter or statement from her husband. Jiang failed to establish a well-founded fear of future persecution because the State Department's country report, which was evidence in the case, indicates that a second child may be allowed if the first child is a girl, and although this policy includes a mandatory waiting period, it is applied loosely. Jiang did not explain why this policy did not apply in her case, and she admitted she was aware of two-child families in her province. With regard to those who return to China with a United States-born second child, moreover, the country report offers only anecdotal evidence, some of which suggests the most severe penalty that Jiang would incur, if any, would be a fine. In addition, because the IJ's adverse credibility determination was supported by substantial evidence, it was proper for the IJ to disregard Jiang's own, uncorroborated opinion that she would be sterilized upon her return based on information she claimed to have gathered from newspapers and family members.

■■■ We pause to comment on the IJ's statement that because the Chinese government would believe Jiang to be in compliance with the family planning policy were she to return to China without her United States-born child, she did not establish a well-founded fear of future persecution. When asked about this at oral argument, government counsel properly acknowledged that such analysis was inappropriate and cannot be condoned. The BIA, however, neither referred to nor disavowed the IJ's remarks, and we are thus compelled to state that we find groundless and offensive the IJ's suggestion that an alien is unable to establish a fear of persecution where she can avoid persecution by separating from her child. To condone such a suggestion would be to impose on aliens the very kind of persecution from which they have a recognized right to relief.

We nonetheless find that Jiang's application for asylum was properly denied because, as explained above, substantial evidence supports the IJ's finding that Jiang failed to establish a fear of future persecution, even if she were to return to China with her United States-born child.

Because Jiang failed to establish her eligibility for asylum on the merits, the IJ and BIA also denied properly her claim for withholding of removal. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Likewise, Jiang also failed to establish that it was more likely than not that she would be tortured if returned to China, and, therefore, her claim for CAT relief was properly denied. *See id.* at 184.

For the foregoing reasons, the petition for review is **DENIED.** Having complet-

ed our review, any pending motion for a stay of removal is **DENIED.**